UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STONE LION PORTFOLIO L.P. and STONE LION L.P.,

Plaintiffs,

v.

MARK ALLEN FEIN,

Defendant.

Case No.: 19-215

**COMPLAINT**

Stone Lion Portfolio L.P. ("Stone Lion Portfolio") and Stone Lion L.P. (collectively "Plaintiffs" or "Stone Lion"), by their attorneys, Arnold & Porter Kaye Scholer LLP, for their complaint against defendant Mark Allen Fein ("Defendant" or "MAF") allege as follows, on information as to itself and on information and belief as to others:

## INTRODUCTION

1.      This is an action for specific performance and breach of contract.  It arises out of MAF's refusal to honor the terms set forth in two binding trade confirmations (the "Trade Confirmations") committing MAF to purchase Class B Common Stock of International Automotive Components Group North America, LLC ("IAC").   Copies of the Trade Confirmations are annexed hereto as Exhibits A and B.

2.      On November 8, 2017, MAF agreed to purchase 5 million shares of IAC Class B Common Stock from Stone Lion for $0.35 per share.  Following that agreement, the parties executed two Trade Confirmations, with trade dates of November 8, 2017 that "constitute[d] a binding agreement between the parties."  Pursuant to the Trade Confirmations, MAF committed to purchase 4,400,000 Shares of IAC Class B Common Stock at $0.35 per share or $1,540,000.00 total from Stone Lion Portfolio (the "Stone Lion Portfolio Trade Confirmation") and 600,000 Shares of IAC Class B Common Stock at $0.35 per share or

$210,000.00 total from Permal Stone Lion Fund Ltd. ("Stone Lion Fund") (the "Stone Lion Fund Trade Confirmation").  Stone Lion Fund assigned its rights under the Stone Lion Fund Trade Confirmation to Stone Lion L.P. as of December 1, 2018.

3.      After delaying closing of the trades for months with a series of excuses for his failure to promptly execute the necessary transfer documents outlined in the Trade Confirmations, MAF has recently indicated his unwillingness to settle the trades.

4.      By this action, Plaintiffs seek to enforce their contractual rights and to recover damages caused by MAF's breach.

## THE PARTIES

5.      Plaintiff Stone Lion Portfolio is a limited partnership organized under the laws of the Cayman Islands with a principal place of business in New York, New York.

6.      All members of Stone Lion Portfolio are located in Connecticut and New Jersey.

7.      Plaintiff Stone Lion L.P. is a limited partnership organized under the laws of the Cayman Islands with a principal place of business in New York, New York.

8.      All members of Stone Lion L.P. are located in Connecticut and New Jersey.

9.      Defendant MAF is an individual residing in Dallas, Texas.

## JURISDICTION AND VENUE

10.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it involves a dispute between citizens of different States.

11.      Plaintiff Stone Lion Portfolio has suffered at least $1,540,000.00 in damages as a result of MAF's breach and Plaintiff Stone Lion L.P. has suffered at least

$210,00.00 in damages as a result of MAF's breach.  These amounts exceed the amount in controversy threshold of 28 U.S.C. § 1331.

12.     Venue is proper in this District because the Trade Confirmations between the parties expressly provide that they are to be "governed by and construed in accordance with the laws of the State of New York" and that each party "submits to the exclusive jurisdiction of the federal and state courts located in the Borough of Manhattan."

## STATEMENT OF FACTS

**A.     The Parties Negotiate and Execute the Trade Confirmations**

13.     In early September 2017, MAF contacted Matthew Speaker, an analyst at Stone Lion, L.P., the investment manager for Stone Lion Fund and Stone Lion Portfolio, indicating that he might have a friend interested in buying Stone Lion's shares for a quoted price of $0.25-0.35 per share.

14.     MAF contacted Matthew Speaker again in early October 2017 regarding Stone Lion's IAC shares.  MAF indicated that he knew someone interested in buying the shares in the $0.25-$0.35 range he was quoted by a dealer and asked whether Stone Lion had interest in selling.

15.     On November 8, 2017, MAF contacted Gregory Hanley of Stone Lion L.P. indicating his interest in purchasing for his personal account 5 million shares of IAC Class B Common Shares from Stone Lion at $0.35 per share.  MAF and Gregory Hanley confirmed the trade later that day.

16.     MAF also confirmed that individually he was a current holder of IAC Class B Common Shares and on November 24, 2017 MAF, through his attorney, sent draft trade confirmations to Stone Lion for review.

17.     Stone Lion Portfolio and Stone Lion Fund sent MAF executed versions of

3

the Trade Confirmations on November 28, 2017.

18.     On December 8, 2017, MAF returned executed versions of the Trade Confirmations indicating a binding agreement between the parties for the sale by Stone Lion, and the purchase by MAF, of 5 million Shares of IAC Class B Common Stock at $0.35 per share or $1,750,000.00 total, with a trade date of November 8, 2017.

19.     The trades were to be executed in two parts.  MAF committed to purchase from Stone Lion Portfolio (and Stone Lion Portfolio committed to sell to MAF) 4,400,000 Shares of IAC Class B Common Stock at $0.35 per share or $1,540,000.00 total; and MAF committed to purchase from Stone Lion Fund (and Stone Lion Fund committed to sell to MAF) 600,000 Shares of IAC Class B Common Stock at $0.35 per share or $210,000.00 total.

20.     Each of the Trade Confirmations indicate that it is "a binding agreement between the parties hereto, in accordance with the terms hereof."

21.     The Trade Confirmations indicate that the purchases are to be implemented through the execution of (i) transfer documents in accordance with the terms of the October 3, 2016 IAC LLC Agreement and (ii) a mutually agreeable purchase and sale agreement (collectively the "Transfer Documents").

**B.      MAF's Delay and Ultimate Refusal to Fulfill His Obligations To Execute the Transfer Documents Pursuant to the Trade Confirmations**

22.     After the execution of the Trade Confirmations, Stone Lion followed up with MAF's attorney on four separate occasions regarding the Transfer Documents and finally received the draft documents on January 17, 2018.

23.     Following receipt of the draft documents, Stone Lion prepared to close the Trades on May 31, 2018 and satisfied all the conditions to closing provided under the Trade Confirmations, including obtaining pre-approval by IAC counsel to the transfer of shares from Stone Lion to MAF and obtaining the necessary legal opinions from its counsel, and was awaiting MAF's signature on the Transfer Documents.

24.     Stone Lion was informed by counsel for MAF at this time that MAF's signature on the Transfer Documents and MAF's funding of the purchase were the only things holding up the closing.

25.     In May and June 2018, Brian A. Wood, Director of Operations at Stone Lion L.P., contacted MAF numerous times seeking his signature on the Transfer Documents to complete the trade.

26.     MAF responded for the first time on June 12, 2018, indicating that he was traveling in Africa until June 21, 2018 and would follow up with his attorney when he returned. MAF attempted to explain the delay by noting that he is an individual investor with no back office but assured Mr. Wood that if all that was necessary was his signature and funding, that the trade would close quickly.

27.     Mr. Wood followed up multiple times over the next two months requesting MAF's signatures on the Transfer Documents.

28.     MAF finally responded on August 22, 2018 noting that he was navigating issues setting up trusts and hoped they could be resolved.

29.     Following MAF's August 22, 2018 email, Gregory Hanley wrote to MAF on August 27, 2018 expressing Stone Lion's concern at MAF's delay in closing and asking for a specific date for closing.

30.     In response, MAF assured Mr. Hanley that he was not ignoring the trades and was working to set up trusts for tax purposes but was having difficulty getting sign-off from three sets of lawyers with differing vacation schedules in August.

31.     On September 5, 2018, MAF indicated that he was not making progress and that MAF might need to find someone to step in and replace him as buyer at the agreed upon terms if he "can't legally close."   Despite requests from Stone Lion, MAF provided no explanation for his statement that he could not "legally" close other than noting "[i]f I can't, I can't."

32.     After almost ten months of excuses and delay and vague references to an inability to close the Trades, on September 13, 2018, counsel for Stone Lion sent MAF a letter noting its intention to commence a legal proceeding against MAF if he did not deliver signature pages to the Transfer Documents.

33.     By letter dated September 21, 2018, counsel for MAF sought to justify MAF's failure to fulfill his obligations under the Trade Confirmations with a new and patently false contention that Stone Lion had access to material non-public information by virtue of its status as a bondholder of IAC, which MAF claimed undermined the representation in the Trade Confirmations that neither party had access to material information not generally available to holders of IAC equity.

34.     Following receipt of this letter, Alan Mintz of Stone Lion spoke to Jim Knighton, Senior Director, Investor Relations at IAC, who confirmed that since an October 3, 2016 amendment to IAC's LLC agreement there was no material difference between the information available to bondholders and stockholders of IAC or the timing of delivery of that information.

35.     Since that time, Stone Lion and Stone Lion Fund were never in possession of material information not generally available to holders of IAC equity.

36.     By letter dated November 29, 2018, Stone Lion informed MAF of the October 3, 2016 amendment to IAC's LLC agreement, explained that it did not have access to any information not generally available to the holders of IAC equity and again requested that MAF immediately fulfill his obligations to close and fund the transactions.

37.     MAF indicated his refusal to fulfill his obligations under the Trade Confirmations.

38.     The Stone Lion Fund Trade Confirmation contains no restrictions on assignments and Stone Lion Fund properly assigned its rights under the Trade Confirmation to Plaintiff Stone Lion L.P. as of December 1, 2018.

39.     IAC is a private company whose stock can be owned, with limited exceptions, only by existing stockholders.  As a result, the market for IAC stock is highly illiquid.

40.     As a result, Plaintiffs Stone Lion Portfolio and Stone Lion L.P. seek to recover the amount owed to them under the Trade Confirmations, plus pre- and post-judgment interest.

## COUNT I

*(Plaintiff Stone Lion Portfolio's claim for Specific Performance)*

41.     Plaintiffs repeat and reallege the allegations of paragraphs 1 to 40 of this Complaint as if fully set forth herein.

42.     Stone Lion Portfolio and MAF entered into a trade confirmation for trade of 4,400,000 shares of IAC Class B Common Stock, with a trade date of November 8, 2017.

7

43.     The Stone Lion Portfolio Trade Confirmation is a valid and enforceable agreement.

44.     Pursuant to the Stone Lion Portfolio Trade Confirmation, MAF was obligated to execute Transfer Documents and purchase 4,400,000 shares of IAC Class B Common Stock from Stone Lion Fund at a price of $1,540,000.00.

45.     Stone Lion Portfolio has satisfied the requirements for closing set forth in the Stone Lion Portfolio Trade Confirmation.

46.     Defendant MAF has not fulfilled, but is able to fulfill, his obligations.

47.     Plaintiff Stone Lion Portfolio has no adequate remedy at law.

48.     By reason of the foregoing, Stone Lion Portfolio is entitled to an order directing defendant to comply with the terms of the Stone Lion Portfolio Trade Confirmation by executing the Transfer Documents and funding the Trade in the amount of $1,540,000.00.

## COUNT II

*(Plaintiff Stone Lion L.P.'s claim for Specific Performance)*

49.     Plaintiffs repeat and reallege the allegations of paragraphs 1 to 40 of this Complaint as if fully set forth herein.

50.     Stone Lion Fund and MAF entered into a trade confirmation for trade of 600,000 shares of IAC Class B Common Stock, with a trade date of November 8, 2017.

51.     The Stone Lion Fund Trade Confirmation is a valid and enforceable agreement.

52.     Pursuant to the Stone Lion Fund Trade Confirmation, MAF was obligated to execute Transfer Documents and purchase 600,000 shares of IAC Class B Common Stock from Stone Lion Fund at a price of $210,000.00.

8

53.     Stone Lion Fund has satisfied the requirements for closing set forth in the Stone Lion Fund Trade Confirmation.

54.     Defendant MAF has not fulfilled, but is able to fulfill, his obligations.

55.     Stone Lion Fund properly assigned its rights under the Trade Confirmation to Plaintiff Stone Lion L.P.

56.     The Stone Lion Fund Trade Confirmation contains no restrictions on assignments.

57.     Plaintiff Stone Lion L.P. has no adequate remedy at law.

58.     By reason of the foregoing, Stone Lion L.P. is entitled to an order directing defendant to comply with the terms of the Stone Lion Fund Trade Confirmation by executing the Transfer Documents and funding the Trade in the amount of $210,000.00.

## COUNT III

*(Plaintiff Stone Lion Portfolio's claim for Breach of Contract – Plead in the Alternative to Count I)*

59.     Plaintiffs repeat and reallege the allegations of paragraphs 1 to 40 of this Complaint as if fully set forth herein.

60.     Stone Lion Portfolio and MAF entered into a trade confirmation for trade of 4,400,000 shares of IAC Class B Common Stock, with a trade date of November 8, 2017.

61.     The Stone Lion Portfolio Trade Confirmation is a valid and enforceable agreement.

62.     Pursuant to the Stone Lion Portfolio Trade Confirmation, MAF was obligated to execute Transfer Documents and purchase 4,400,000 shares of IAC Class B Common Stock from Stone Lion Fund at a price of $1,540,000.00.

9

63.     Stone Lion Portfolio has satisfied the requirements for closing set forth in the Stone Lion Portfolio Trade Confirmation.

64.     MAF breached his obligations under the Stone Lion Portfolio Trade Confirmation.

65.     As a result, Stone Lion Portfolio suffered approximately $1,540,000.00 in losses exclusive of interest and attorneys' fees and expenses.

## COUNT IV

*(Plaintiff Stone Lion L.P.'s claim for Breach of Contract – Plead in the Alternative to Count II)*

66.     Plaintiffs repeat and reallege the allegations of paragraphs 1 to 40 of this Complaint as if fully set forth herein.

67.     Stone Lion Fund and MAF entered into a trade confirmation for trade of 600,000 shares of IAC Class B Common Stock, with a trade date of November 8, 2017.

68.     The Stone Lion Fund Trade Confirmation is a valid and enforceable agreement.

69.     Pursuant to the Stone Lion Fund Trade Confirmation, MAF was obligated to execute Transfer Documents and purchase 600,000 shares of IAC Class B Common Stock from Stone Lion Fund at a price of $210,000.00.

70.     Stone Lion Fund has satisfied the requirements for closing set forth in the Stone Lion Fund Trade Confirmation.

71.     Stone Lion Fund properly assigned its rights under the Trade Confirmation to Plaintiff Stone Lion L.P.

72.     The Stone Lion Fund Trade Confirmation contains no restrictions on assignments.

73.    MAF breached his obligations under the Stone Lion Fund Trade Confirmation.

74.    As a result, Stone Lion L.P. suffered approximately $210,000.00 in losses exclusive of interest and attorneys' fees and expenses.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Stone Lion Portfolio and Stone Lion L.P. respectfully request that this Court:

(a)    Declare and adjudge that MAF breached the Trade Confirmations;

(b)    Award Plaintiffs damages in an amount to be determined at trial, plus pre- and post-judgment interest;

(c)    Award Plaintiffs reasonable costs and attorneys' fees;

(d)    Order Defendant MAF to comply with his obligations under the Trade Confirmations;

(e)    Grant Plaintiffs all other relief the Court deems just and proper.

Dated: January 7, 2019
      New York, New York

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: _____
      Michael B. Solow
      Daphne Morduchowitz

250 W. 55th Street
New York, New York 10019-9710
Telephone:  (212) 836-8000
Facsimile:  (212) 836-8689
Email: michael.solow@arnoldporter.com
          daphne.morduchowitz@arnoldporter.com

*Attorneys for Plaintiffs Stone Lion Portfolio L.P.
and Stone Lion L.P.*

11