# EXHIBIT B

## TRADE CONFIRMATION

| | |
|---|---|
| To: | Permal Stone Lion Fund Ltd. |
| Contact Person: | Brian Wood |
| Telephone No.: | (212) 843-1243 |
| Fax No.: | (212) 843-1376 |
| E-mail Address: | bwood@stonelionlp.com |

| | |
|---|---|
| From: | Mark Allen Fein |
| Contact: | |
| Telephone No.: | (310) 614-0332 |
| Fax No.: | |
| E-mail Address: | mfeinny_99@yahoo.com |

We are pleased to confirm the following transaction (the "Transaction"):

| | |
|---|---|
| Trade Date: | November 8, 2017 |
| Seller: | Permal Stone Lion Fund Ltd. |
| Buyer: | Mark Allen Fein |
| Issuer: | International Automotive Components Group North America, LLC |
| Equity: | 600,000 shares of Class B Common Stock of the Issuer (the "Shares") |
| Price Per Share: | $0.35 |
| Purchase Price: | $210,000.00 |
| Underlying Documents | Amended And Restated Registration Rights Agreement, dated as of October 11, 2007, by and between the Issuer and the holders of shares of common stock of the Company, party thereto (as amended from time to time, the "Registration Rights Agreement"). |
| | Amended and Restated Limited Liability Company Agreement, as it may be further amended, dated as of October 3, 2016, by and among the Issuer and the Stockholders identified on Schedule 1 thereto, (as amended from time to time, the "LLC Agreement") and together with the Registration Rights Agreement, the "Underlying Documents"). |
| Form of Purchase: | Assignment as soon as practicable pursuant to (i) transfer documents in accordance with the terms of the LLC Agreement and i(ii) a mutually agreeable purchase and sale agreement that contains customary provisions of the transfer of private equity, including buyer and seller representations and warranties regarding applicable securities laws. |
| Other Terms: | 1. Each of Seller and Buyer acknowledge and agree that the effectiveness of the transfer contemplated hereby is subject to the satisfaction of, and compliance with, all requirements for transfer of the Shares. |
| | 2. Buyer and Seller each individually represent and warrant that it (i) has access to information generally made available to holders of the Equity; (ii) does not have any material information that has not been generally made available to holders of the Equity and (iii) is not an affiliate of the Issuer. |

SGL / TC / 591-63 v.2

2

3. Buyer and Seller agree to execute and deliver any necessary documentation required pursuant to any of the Underlying Documents or by counsel to any stock transfer agent, including without limitation any opinion of counsel (to be prepared by Seller or Ultimate Seller at the sole expense of Seller or Ultimate Seller, as applicable), in order to effect the Transaction and transfer the Shares.

4. All distributions, dividends or any other payments made in respect of the Shares on or after the Trade Date are for the account of the Buyer.

5. Each of Buyer and Seller shall each bear its respective costs and expenses in connection with the Transaction.

6. Each of Buyer and Seller represents and warrants to the other that (a) it is a sophisticated buyer or seller (as the case may be) with respect to the Transaction, (b) it has, or has access to, such information as it deems appropriate under the circumstances concerning, among other things, the Issuer's business and financial condition to make an informed decision regarding the transfer of the Shares, and (c) it has independently and without reliance on the other party, and based on such information as it has deemed appropriate, made its own analysis and decision to enter into the Transaction. Each of Buyer and Seller acknowledges that the other has not given it any investment advice or opinion on whether the Transaction is prudent. Buyer has not relied, and will not rely, on Seller to furnish or make available any documents or other information regarding the credit, affairs, financial condition, or business of the Issuer, or any other matter concerning the Issuer.

7. Both parties shall maintain the confidentiality of the terms of the Transaction unless otherwise required by law or regulatory authority, or other legal process, except that the parties may disclose the terms of Transaction to their respective affiliates and their and their affiliates' attorneys, accountants, and other professionals and in connection with the enforcement of the parties' rights and obligations hereunder or to the Issuer, if applicable as required under the LLC Agreement. Buyer shall be permitted to make any necessary disclosures to prospective purchasers from Buyer regarding the terms of the Transaction (other than the Purchase Rate and/or Purchase Price), provided that such purchasers shall be subject to substantially the same confidentiality restrictions.

10. Upon execution by Buyer and Seller in the designated spaces below, this Trade Confirmation shall constitute a binding agreement between the parties hereto, in accordance with the terms hereof. Seller and Buyer agree that events occurring subsequent to the Trade Date shall not relieve the parties of their obligations hereunder.

11. This Trade Confirmation and the Transaction shall be governed by and construed in accordance with the laws of the State of New York (without regard to any conflicts of law provision thereof that would require the application of the laws of any other jurisdiction) and each party hereto submits to the exclusive jurisdiction of the federal and state courts located in the Borough of Manhattan.

[*Signatures to follow*]

SGL / TC / 591-63 v.2

3

PERMAL STONE LION FUND LTD.

By: Stone Lion L.P.
    Its Investment Manager

_[signature]_

Name: Claudia Borg
Title: Authorized Signatory

MARK ALLEN FEIN

_[signature]_

Name: _____
Title: _____

SGL / TC / 591-63 v.2